Chancellor Rutpedge
afterwards delivered the decree of the court,
In-this pase the court see no reason for setting aside the sale made by the sheriff; the execution under which the sale was made being regularly obtained against Spierin and wife, for a debt contracted by her before marriage, and for which the property she then possessed was liable, (her husband having none J although secured by marriage settlemént between her and Spierin. The mortgage in which she joined with Spierin to Kiernan must be considered a legal appointment of her moiety pf the lot, &c. secured to her by settlement, although it might not be such an appointment perhaps as was contemplated when the settlement was executed. Independent of the mortgage, the settlement gave the husband a moiety of the lot, and as she is said to have died without a will, he would have become entitled to one third of her moiety, & her children (the L xhiffes) to the other two thirds. But as there are judgments against Spierin and wife, for her debts contract *471 ed before marriage, and a balance due to Geyer on the original purchase money of the lot, those debts must be satisfied in the first instance, out of the monies arising from the sale made by the sheriff; and the remainder of the money must be applied to the payment of complainant’s debt and the costs of this suit: Provided, that if there shall be any balance remaining of the two thirds of the moiety secured to Spierin’s wife, after payment of the debts, the same shall be paid over to her children, the La-hiffes. Refer it to the master to ascertain what is due on the respective debts.